UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR418-119 |
| ) | SUPERSEDING INDICTMENT |
| v. ) | |
| ) | |
| ANTHONY WILSON JACKSON ) | |
| a/k/a "All Profit," ) | |
| a/k/a "AP" ) | |

## PLEA AGREEMENT

Defendant Anthony Wilson Jackson, represented by his counsel, Walter John Toner, IV, and the United States of America, represented by Assistant United States Attorney Tania D. Groover and E. Greg Gilluly, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to the lesser included offense in Count One, which charges a violation of 21 U.S.C. § 846, Count Two, which charges a violation of 18 U.S.C. § 371, Count Four, which charges a violation of 18 U.S.C. § 922(o), Count Five, which charges a violation of 18 U.S.C. § 924(c), Count Six, which charges a violation of 18 U.S.C. § 922(g)(1), and Count Eight, which charges a violation of 18 U.S.C. § 1956(h) in the Superseding Indictment.

2. Elements and Factual Basis

The elements necessary to prove the offense charged in the lesser included offense in Count One in the Superseding Indictment are (1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess

marijuana, a Schedule I controlled substance; (2) the defendant knew the unlawful purpose of the plan and willfully joined in it; and (3) the object of the unlawful plan was to possess with the intent to distribute marijuana.

The elements necessary to prove the offense charged in Count Two in the Superseding Indictment are (1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan, that is, to use interstate facilities to promote a prostitution business; (2) the defendant knew the unlawful purpose of the plan and willfully joined in it; (3) during the conspiracy, one or more conspirators knowingly engaged in at least one overt act as described in the superseding indictment; and (4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

The elements necessary to prove the offense charged in Count Four in the Superseding Indictment are (1) the defendant possessed a "machine gun;" and (2) the defendant knew it was a machine gun or was aware of the firearm's essential characteristics that made it a "machine gun" as defined.

The elements necessary to prove the offense charged in Count Five in the Superseding Indictment are (1) that the defendant committed the drug-trafficking crime charged in Count Three of the superseding indictment; and (2) that the defendant knowingly possessed a machine gun in furtherance of that crime, as charged in the superseding indictment.

The elements necessary to prove the offense charged in Count Six in the Superseding Indictment are (1) the defendant knowingly possessed a firearm; (2) at

the time of the charged act, the defendant had previously been convicted in a court of a crime punishable by imprisonment for more than one year; (3) at the time of the charged act, the defendant knew that he had been convicted of such an offense; and (4) the firearm had been transported in interstate commerce.

The elements necessary to prove the offense charged in Count Eight in the Superseding Indictment are (1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan, that is, to violate 18 U.S.C. § 1956; and (2) the defendant knew the unlawful purpose of the plan and willfully joined in it.

Defendant agrees that he is, in fact, guilty of these offenses. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements for the lesser included offense in Count One in the Superseding Indictment:

Beginning at a time unknown to the Grand Jury, but at least from in or about 2009 and continuing through on or about January 2, 2018, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant Anthony Wilson Jackson, and other conspirators named in the superseding indictment, and others not named in the superseding indictment, conspired to possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

He further agrees to the accuracy of the following facts, which satisfy each of the offense's required elements for Count Two in the Superseding Indictment:

Beginning at a time unknown to the Grand Jury, but at least from in or about

2015 and continuing through on or about January 2, 2018, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant Anthony Wilson Jackson, and other conspirators named in the superseding indictment, and others not named in the superseding indictment, conspired to use facilities in interstate commerce, namely cell phones and the internet, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful prostitution business, which constitutes a violation of the laws of the state of Georgia, and thereafter performed an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952 and 2. The defendant agrees that the object of the conspiracy was to make money by promoting a prostitution business. The defendant further agrees that members of the conspiracy used the manner and means – as outlined in the superseding indictment – to further the goals of the prostitution business. The defendant further agrees to the overt acts – as outlined in the superseding indictment – were committed by at least one conspirator in furtherance of the conspiracy to accomplish the object of the conspiracy.

He further agrees to the accuracy of the following facts, which satisfy each of the offense's required elements for Count Four in the Superseding Indictment:

On or about January 2, 2018, in Chatham County, within the Southern District of Georgia, Defendant Anthony Wilson Jackson, did knowingly possess a machine

gun, that is, a fully automatic Glock 23, .40 caliber pistol, in violation of Title 18, United States Code, Section 922(o).

He further agrees to the accuracy of the following facts, which satisfy each of the offense's required elements for Count Five in the Superseding Indictment:

On or about January 2, 2018, in Chatham County, within the Southern District of Georgia, Defendant Anthony Wilson Jackson, did knowingly possess a machine gun, that is, a fully automatic Glock 23, .40 caliber pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Three of the Superseding Indictment, all in violation of Title 18, United States Code, Section 924(c).

He further agrees to the accuracy of the following facts, which satisfy each of the offense's required elements for Count Six in the Superseding Indictment:

On or about January 1, 2018, in Chatham County, within the Southern District of Georgia, Defendant Anthony Wilson Jackson, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possess a firearm, that is, a FN Herstal (FNH), Model Five-Seven, 5.7x28mm pistol, and the firearm had been transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

He further agrees to the accuracy of the following facts, which satisfy each of the offense's required elements for Count Eight in the Superseding Indictment:

Beginning at a time unknown to the Grand Jury, but at least from in or about 2009 and continuing through on or about January 2, 2018, the precise dates being unknown, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant Anthony Wilson Jackson, and other conspirators named in the superseding indictment, and others not named in the superseding indictment, conspired to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a specified unlawful activity, that is conspiracy to possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and which the defendants knew to be the proceeds of some form of unlawful activity, and did conspire to do so with the intent to promote the carrying on of the aforesaid specified activity, in violation of Title 18, Unite States Code, Section 1956(a)(1)(A)(i). The defendant further agrees to the overt acts – as outlined in the superseding indictment – were committed by at least one conspirator in furtherance of the conspiracy to accomplish the object of the conspiracy. The defendant further agrees that this was all in violation of Title 18, United States Code, Sections 1956(h) and 2.

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject him to the following possible maximum penalties for the lesser included offense in Count One in the Superseding Indictment: not more than 5 years' imprisonment, at least 2 years' supervised release, not more than a $250,000 fine, and a $100 special assessment.

Defendant's guilty plea will subject him to the following possible maximum penalties for Count Two in the Superseding Indictment: not more than 5 years' imprisonment, not more than 3 years' supervised release, not more than a $250,000 fine, and a $100 special assessment.

Defendant's guilty plea will subject him to the following possible maximum penalties for Count Four in the Superseding Indictment: not more than 10 years' imprisonment, not more than 3 years' supervised release, not more than a $250,000 fine, and a $100 special assessment.

Defendant's guilty plea will subject him to the following possible maximum penalties for Count Five in the Superseding Indictment: not less than 30 years' imprisonment and up to life, consecutive to any other sentence imposed, not more than 5 years' supervised release, not more than a $250,000 fine, and a $100 special assessment.  Defendant's guilty plea to Count Five in the Superseding Indictment will subject him to the mandatory minimum penalty of 30 years imprisonment consecutive to any other sentence imposed.

Defendant's guilty plea will subject him to the following possible maximum penalties for Count Six in the Superseding Indictment: not more than 10 years imprisonment, not more than 3 years supervised release; not more than a $250,000 fine, and a $100 special assessment.

Defendant's guilty plea will subject him to the following possible maximum penalties for Count Eight in the Superseding Indictment:  not more than 20 years'

imprisonment, not more than 3 years' supervised release, not more than a $500,000 fine, and a $100 special assessment.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. <u>Court's Use of Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of

responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

    b.    <u>Use of Information</u>

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

7.    <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

8.    <u>Forfeiture</u>

    a.    The Defendant agrees to forfeit his interest in any property used or intended to be used to commit or facilitate the commission of the offenses to which he has agreed to plead guilty, specifically, his interest in (1) Wells Fargo Account Numbers ending in 3987; (2) Wells Fargo Account Numbers ending in, 3695; (3) Wells Fargo Account Numbers ending in 8592; (4) Wells Fargo Account Numbers ending in

0411; (5) Wells Fargo Account Numbers ending in 5393; (6) Wells Fargo Account Numbers ending in 5064; (7) Wells Fargo Account Numbers ending in 5941; (8) Wells Fargo Account Numbers ending in 0728; (9) Wells Fargo Account Numbers ending in 0870; (1) Wells Fargo Account Numbers ending in 4946; (11) Wells Fargo Account Numbers ending in 4260; (12) a fully automatic Glock 23, .40 caliber pistol, bearing serial number RB091US; and (13) a FN Herstal (FNH), Model Five-Seven, 5.7x28mm pistol, bearing serial number 386277421, hereinafter referred to as the "Subject Property."

  b. Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property to the United States, including but not limited to the signing of a consent order or decree, a stipulation of facts regarding the transfer and basis for the forfeiture, and any other documents necessary to effectuate such transfer. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such a document has already been filed, Defendant hereby withdraws that filing.

  c. Defendant waives and abandons all right, title, and interest in the Subject Property. In addition, Defendant waives and abandons her interest in any other property that may have been seized in connection with this case.

  d. Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the

requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

  e. Defendant agrees to waive any and all constitutional, statutory, and equitable challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in this case. Defendant specifically agrees to waive any claims, defenses or challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

9. <u>Waivers</u>

  a. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

  b. <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant

knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. Required Financial Disclosure

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

11. Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and

diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13. <u>Breach of Plea Agreement</u>

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

*Signatures on the Following Pages*

BOBBY L. CHRISTINE

UNITED STATES ATTORNEY

_____  _____
Date                 Karl I. Knoche
                     Georgia Bar No. 426624
                     Assistant United States Attorney
                     Criminal Division Chief

2-19-2020            _____
Date                 E. Greg Gilluly, Jr.
                     Tennessee Bar No. 019397
                     Assistant United States Attorney

2/19/2020            _____
Date                 Tania D. Groover
                     Georgia Bar No. 127947
                     Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

2/19/20              _____
Date                 Anthony Wilson Jackson
                     Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

2/19/20              _____
Date                 Walter John Toner, IV
                     Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR 418-119 |
| ) | SUPERSEDING INDICTMENT |
| v. ) | |
| ) | |
| ANTHONY WILSON JACKSON ) | |
| a/k/a "All Profit," ) | |
| a/k/a "AP" ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 27th day of May 2020. 2021.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA